IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNIVERSITY OF WISCONSIN HOSPITALS
AND CLINICS AUTHORITY,

          OPINION AND ORDER

       Plaintiff,

          15-cv-283-bbc

  v.

AETNA HEALTH AND LIFE INSURANCE
COMPANY and AETNA HEALTH INSURANCE
COMPANY,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff University of Wisconsin Hospitals and Clinics Authority filed this case in the Circuit Court for Dane County, Wisconsin, asserting claims for breach of contract and other related theories under state law. Plaintiff alleged that it was a third party beneficiary of a health insurance contract between Karen Chaves and defendants Aetna Health and Life Insurance Company and Aetna Health Insurance Company and that defendants breached that contract by failing to pay for medical services that plaintiff provided Chaves. Defendants removed the case to this court under 28 U.S.C. §§ 1441 and 1446 on the ground that plaintiff's claims are preempted by the Employee Retirement Income Security Act. Plaintiff concedes that its claim is governed by ERISA because Karen Chaves is a participant in an ERISA benefits plan, dkt. #15 at 4, so I need not discuss that issue.

Now defendants seek dismissal of the complaint with prejudice on three grounds: (1)

1

plaintiff does not have the right to enforce Chaves's rights under ERISA; (2) plaintiff did not exhaust its administrative remedies; and (3) plaintiff should be sanctioned for its repeated filings of state law claims that should have been filed as ERISA claims. Because I agree with defendant that plaintiff failed to exhaust its administrative remedies, I am granting defendant's motion to dismiss without discussing defendant's other arguments.

OPINION

The parties agree that the general rule is that a plaintiff must exhaust its administrative remedies before raising a claim under ERISA. Schorsch v. Reliance Standard Life Insurance Co., 693 F.3d 734, 739 (7th Cir. 2012). In most contexts, exhaustion is considered an affirmative defense that must be proven by the defendant. Jones v. Bock, 549 U.S. 199, 211-212 (2007) ("[C]ourts typically regard exhaustion as an affirmative defense."). (Defendant cites a number of district court cases for the proposition that plaintiff was required to plead exhaustion in its complaint, but I need not decide whether those cases are inconsistent with Jones to resolve defendant's motion.) Generally, a court cannot dismiss a claim for failing to comply with a requirement that is an affirmative defense unless the plaintiff admits facts in its complaint showing that it did not comply with the requirement. O'Gorman v. City of Chicago, 777 F.3d 885, 889 (7th Cir. 2015). If the defendant relies on documents outside the complaint to support its argument in favor of dismissal, the general rule is that the court must deny the motion or convert it into a motion for summary judgment. Edgenet, Inc. v. Home Depot U.S.A., Inc., 658 F.3d 662, 665 (7th

Cir. 2011).

In this case, both sides cite documents outside the pleadings. However, I conclude that it is unnecessary to convert defendants' motion to dismiss into one for summary judgment because the parties do not dispute any facts related to exhaustion. Cf. id. (concluding that "[n]o harm was done" by failing to convert motion because "[t]he facts are essentially uncontested and present a question of law"); Loeb Industries, Inc. v. Sumitomo Corp., 306 F.3d 469, 480 (7th Cir. 2002) (failing to convert motion not reversible error when "there are no potential disputed material issues of fact"). In particular, the parties agree that the plan requires two levels of administrative appeal; plaintiff filed a timely first-level appeal; on August 13, 2014, defendant denied the first appeal; plaintiff did not file a timely second-level appeal; and, on November 30, 2014, approximately one month after the deadline for filing the second appeal, plaintiff filed a letter in which it demanded payment of Karen Chaves's medical expenses.

The parties dispute three legal issues: (1) whether plaintiff was excused from filing a second-level appeal because doing so would have been futile; (2) whether plaintiff's November 30 letter qualifies as a second-level appeal; and (3) whether plaintiff's November 30 letter should have been accepted as an appeal despite its untimeliness. Because I am resolving each of these issues in favor of defendant, I conclude that plaintiff has failed to exhaust its administrative remedies and the case must be dismissed.

"[A] failure to exhaust administrative remedies will be excused . . . when resort to administrative remedies would be futile." Orr v. Assurant Employee Benefits, 786 F.3d 596,

3

602 (7th Cir. 2015). In this case, plaintiff says that it would have been futile to file a second appeal because "[t]he Plan's benefits denial letter was so conclusory that the only reasonable interpretation of it is that the plan had made its final decision on Ms. Chaves' claim." Plt.'s Br., dkt. #15, at 9. Plaintiff does not cite to a copy of the decision and I do not see a copy in the record, but defendant does not deny plaintiff's allegation that the denial "included no rationale or findings of fact in support of its decision." Id.

Plaintiff does not cite any authority to support a view that a claimant does not have to appeal a conclusory administrative decision. The general standard for futility is that the plaintiff "must show that it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." Zhou v. Guardian Life Insurance Company of America, 295 F.3d 677, 680 (7th Cir. 2002) (internal quotations and alterations omitted). Even if "the individual named defendants would be the people reviewing the plaintiffs' administrative appeals," that "is not enough to relieve plan participants of the duty to exhaust remedies." Ames v. American National Can Co., 170 F.3d 751, 756 (7th Cir. 1999).

Although a failure to provide reasons for a decision may provide grounds for some "doubt" about the success of an appeal, I cannot say that it provides "certainty" on that issue. If it is not enough to show that the same individual or entity is making the initial decision and deciding the appeal, then a conclusory decision is not enough either. Accordingly, I conclude that plaintiff has not demonstrated that it would have been futile to file a second appeal.

4

Plaintiff makes a related argument that defendant's conclusory decision violated 29 U.S.C. § 1133, which required defendant to provide "specific reasons" for its denial. However, plaintiff fails to cite any authority or otherwise develop an argument in favor of a view that a potential violation of § 1133 is grounds for excusing a failure to exhaust. In my own research, I uncovered Schorsch v. Reliance Standard Life Insurance Co., 693 F.3d 734 (7th Cir. 2012), in which the court stated that a plaintiff "cannot circumvent ERISA's administrative remedies by simply pointing to errors in [the defendant's] claims termination process. Flaws in [the] . . . notice and other errors become relevant only if [the plaintiff] reasonably relied on them in failing to request a review of its decision . . ., or if [defendant's] missteps denied her meaningful access to a review." Id. at 739. Because plaintiff does not argue that it can meet this standard, any violation of § 1133 by defendant is not dispositive.

Next, the parties debate whether plaintiff's November 30, 2014 letter qualifies as a second-level appeal. Neither party cites to a copy of the letter, but, in its proposed amended complaint, plaintiff alleges that its counsel wrote to "advis[e] Aetna that he was retained by UWHCA to pursue the unpaid balance on the above-referenced claims" and to "request[] payment." Dkt. #15-1 at ¶ 15. Plaintiff does not allege that counsel identified the letter as a request for further administrative review. Powell v. AT&T Communications, Inc., 938 F.2d 823, 827 (7th Cir. 1991) (letter from counsel does not qualify as administrative claim unless "[t]he content of the letter [is] reasonably calculated to alert the employer to the nature of the claim and request[s] administrative review"). Accord Edwards v. Briggs & Stratton Retirement Plan, 639 F.3d 355, 363-64 (7th Cir. 2011).

Regardless of the letter's content, plaintiff admits that the letter was untimely. Edwards, 639 F.3d at 362 ("[A]n ERISA claimant's failure to file a timely administrative appeal from a denial of benefits 'is one means by which a claimant may fail to exhaust her administrative remedies.'") (quoting Gallegos v. Mount Sinai Medical Center, 210 F.3d 803, 808 (7th Cir. 2000)).  Plaintiff says that the delay should be excused because it was only 30 days, Plt.'s Br., dkt. #15 at 9, but, in Edwards, the court rejected a similar argument that "substantial compliance" with the administrative deadline is adequate.  Id. at 352 ("[T]he Plan has fixed a clear deadline . . . for filing administrative appeals from denials of benefits, and the Plan has the right to enforce that deadline.").  Plaintiff cites no contrary authority.

Finally, plaintiff says that defendant "was 12 days late under the terms of its own Plan in denying [plaintiff's] first level of appeal." Plt.'s Br., dkt. #15, at 9.  Plaintiff does not explain why it believes that defendant's decision was untimely, it cites no authority that a plan's failure to meet self-imposed deadlines allows a claimant to file a late appeal and it does not otherwise develop an argument on this issue.  Accordingly, I conclude that plaintiff has forfeited any argument that its untimeliness should be excused because defendant's decision may have been untimely as well.

ORDER

IT IS ORDERED the motion to dismiss filed by defendants Aetna Health and Life Insurance Company and Aetna Health Insurance Company, dkt. #7, is GRANTED on the ground that plaintiff University of Wisconsin Hospitals and Clinics Authority failed to

exhaust its administrative remedies.  The clerk of court is directed to enter judgment in favor of defendant and close this case.

    Entered this 31st day of August, 2015.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge